# Court of Appeals
# of the State of Georgia

ATLANTA,  December 09, 2021

*The Court of Appeals hereby passes the following order:*

**A22D0152.    CLIVE RICHARDS v. PROGRESSIVE CORPORATION INSURANCE COMPANY.**

Clive Richards seeks review[1] of the order of the Superior Court of Fulton County denying, pursuant to OCGA § 9-15-2 (d), his filing of a pro se civil complaint against Progressive Corporation Insurance Company. OCGA § 9-15-2 (d) provides:

> When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order allowing filing and shall return the pleading to the clerk for filing as in other cases. An order denying filing shall be appealable in the same manner as an order dismissing an action.

---

[1] Richards states that he is seeking interlocutory review, but since there is nothing pending in the court below, his application is better characterized as a discretionary application.

Richards attempted to file a complaint in superior court against Progressive, along with an affidavit of indigency. On November 10, 2021, the court entered an "Order on Affidavit of Indigency," in which it stated that it appeared to the court that Richards's pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot reasonably be believed that the court could grant any relief against any party named in the pleading. Thus, the court denied Richards's request to file his pleading. Richards filed this timely application for discretionary review.

Under OCGA § 5-6-34 (a) (1), a party may file a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35." It does not appear that any provision of OCGA § 5-6-35, the discretionary appeal statute, applies here. Moreover, OCGA § 9-15-2 (d) states that an order denying filing shall be appealable in the same manner as an order dismissing an action, which would generally be directly appealable under OCGA § 5-6-34 (a) (1).

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. OCGA § 5-6-35 (j). Because the trial court's order denying Richards's request to file his pleading is subject to direct appeal, this application is hereby GRANTED. Richards shall have ten days from the date of this order to file a notice of appeal with the trial court if he has not already done so. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __12/09/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*